# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON HOPSON, | ) | CASE NO. 5:16-cv-1867 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| MICHELLE MILLER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of petitioner Peyton Hopson ("petitioner" or "Hopson") for the undersigned to recuse from the above-captioned case pursuant to 28 U.S.C. § 144 and 28 U.S.C. §§ 455(a) and (b)(1). (Doc. No. 4 ["Mot."].) For the reasons that follow, the motion is denied.

## A. Background

Petitioner contends that two prior cases before the undersigned are the foundation for the motion to recuse from the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254: (1) Northern District of Ohio Case No. 5:15-cv-992 (*Hopson v. Stark County Sheriff's Office*); and (2) Northern District of Ohio Case No. 5:16-cv-621 (*Hopson v. Stark County, et al.*). In Case No. 5:15-cv-992, Hopson brought a prisoner civil rights action pursuant to 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*, which was granted. The case was thereafter dismissed for failure to state a claim pursuant to § 1983, which Hopson appealed to the United

States Court of Appeals for the Sixth Circuit.[1] After the Court dismissed the case and entered judgment, Hopson sought to amend the complaint. The Court did not permit the amendment, however, because judgment had already been entered in the case. Hopson did not appeal the Court's order regarding amendment of the complaint. In Case No. 5:16-cv-621, plaintiff filed a complaint that mirrored plaintiff's claims in Case No. 5:15-cv-992. The complaint in Case No. 5:16-cv-621 was dismissed as barred by the doctrine of *res judicata*. Hopson appealed the dismissal of Case No. 5:16-cv-621 to the United States Court of Appeals for the Sixth Circuit, where the appeal is pending.

Petitioner submitted an affidavit in support of the motion, which consists of a summary of these cases and two primary arguments. (Doc. No. 4-1 ["Aff."].) First, petitioner contends that the undersigned had a prior professional relationship with the Stark County Sheriff's department because the sheriff secured the Stark County courthouse when the undersigned was a Stark County Court of Common Pleas judge. Based on this alleged prior professional relationship, petitioner contends that the Court's impartiality can be reasonably questioned. (Aff. ¶ 3.) Second, petitioner argues that the Court's "deep seated antagonism" against Hopson is demonstrated by the Court's rulings in Case Nos. 5:15-cv-992 and 5:16-cv-621. Hopson cites a variety of case law that petitioner contends demonstrate the Court's rulings in Case Nos. 5:15-

---

[1] The Sixth Circuit ultimately dismissed the appeal for want of prosecution due to failure to pay the proper fee.

cv-992 and 5:16-cv-621 are wrong, which, according to plaintiff, shows that the undersigned is prejudiced and biased against him and cannot be impartial in the instant habeas action.[2] (Aff. ¶¶ 4-11.) Petitioner did not seek recusal of the undersigned in either Case Nos. 5:15-cv-992 or 5:16-cv-621.

**B. Discussion**

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.' *United States v. Denton,* 434 F.3d 1104, 1111 (8th Cir. 2006). The burden is not on the judge to prove that he is impartial. *In re McCarthey,* 368 F.3d 1266, 1269 (10th Cir. 2004)." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007).

### 1. 28 U.S.C. § 144

Title 28 U.S.C. § 144, "Bias or prejudice of judge," provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[2] Petitioner also contends that the Court's antagonism against him is demonstrated by a copy of an order issued November 2, 2015 (Case No. 5:15-cv-992, Doc. No. 11) that was mailed to him. Hopson states that on the copy he received, the word "ORDER" was highlighted in yellow, along with a highlighted handwritten "Please Read." (Aff. ¶ 6.) Hopson argues that the highlighting and words are belittling and antagonistic because they "could only have been intended to infer" that the Court did not consider him intelligent enough to know that he should read the Court's order. (*Id.*) For all of the same reasons discussed *infra* with respect to petitioner's two primary arguments for recusal, such "facts" do not demonstrate personal bias or prejudice against petitioner, or objectively establish that the Court cannot be impartial in this case.

"[T]he judge whose partiality is challenged has a duty to examine the [§ 144] affidavit to determine whether it is both timely and legally sufficient." *Brautigam v. Damon*, No. 1:11-CV-551, 2013 WL 6387500, at *2 (S.D. Ohio Dec. 6, 2013) (internal footnotes omitted) (citing *Easley v. Univ. of Michigan Bd. of Regents,* 853 F.2d 1351, 1355-56 (6th Cir. 1988) (further citations omitted)); *Huth v. Hubble*, No. 5:14-CV-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) ("Although § 144 on its face appears to require automatic disqualification once the affidavit is filed, a district court judge has a duty to examine the affidavit to determine whether it is timely and legally sufficient.") (citing *In re City of Detroit*, 828 F.2d 1160, 1163 n.2 (6th Cir. 1987) (further citation omitted)). "Affidavits of bias are strictly construed against the party seeking the judge's disqualification." *United States v. Gordon*, No. 11-20752, 2013 WL 673707, at *2 (E.D. Mich. Feb. 25, 2013) (internal quotation marks and citation omitted).

As an initial matter, the Court assumes for the purpose of this analysis that petitioner's affidavit is timely filed[3] and is accompanied by the required certificate of counsel.[4] With respect to the content of the affidavit, "the Court must accept as true the factual allegations set forth in the affidavit that are 'sufficiently definite and particular to convince a reasonable person that bias exists[.]'" *Brautigam*, 2013 WL 6387500, at *2 (quoting *Scott,* 234 F. App'x at 352 (citation omitted)). "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the facts must show the bias is personal

---

[3] The affidavit was filed on August 23, 2016, approximately one month after petitioner's § 2254 petition was filed and the undersigned was assigned to this case on July 25, 2016.

[4] Petitioner certifies that the information provided in the affidavit "is accurate to the best of my knowledge and submitted in good faith." (Aff. at 41 (All references to page numbers are to the page identification numbers generated by the Court's electronic filing system).) Some courts have determined that a pro se party cannot supply the required certificate of counsel because a pro se litigant does not stand in the shoes of counsel for the purpose of § 144. *Brautigam*, 2013 WL 6387500, at *2 n.4 (citing cases). The Court need not address this issue, however, because the Court concludes that the affidavit itself is insufficient under the statute.

as opposed to judicial in nature." *Gordon*, 2013 WL 673707, at *2 (quoting *Henderson v. Dep't of Pub. Safety and Corr.,* 901 F.2d 1288, 1296 (6th Cir. 1990)) (further citation omitted).

The Court accepts as true for the purpose of this analysis that the Court had a prior "professional relationship" with the Stark County Sheriff's department because the department provided security at the Stark County courthouse. According to petitioner, this professional relationship is the source of alleged bias, prejudice, and lack of impartiality against him in Case Nos. 5:15-cv-992 and 5:16-cv-621, and the foundation of the bias, prejudice, and lack of impartiality alleged in the motion.

First, the Stark County Sheriff's department is not a party in the instant habeas action. In any event, such a professional relationship, without more, is inadequate to bias a judge. *See United States v. Angelus*, 258 F. App'x 840, 843-44 (6th Cir. 2007) (judge's professional relationship with U.S. Marshals where U.S. Marshal's Office is located in the same building as the federal courthouse and provides protection for the courthouse is insufficient to warrant disqualification pursuant to §§ 455(a) and (b)(1)[5] in case where defendant was indicted for assaulting U.S. Marshal) (collecting cases). "Judges interact with many different parties in a professional capacity, such as . . . local sheriff offices, and various court personnel. A judge is not expected to recuse himself whenever a party from one of these organizations appears before him." *Id*. at 843 (citing *Eubanks v. Walton,* No. 96–3983, 132 F.3d 32, 1997 WL 778118, at *1 (6th Cir. Dec. 11, 1997) (affirming district court's refusal to recuse in § 1983 action where plaintiff argued that because the Assistant United States Attorney appeared before the district court judge on a regular basis, this "working relationship" required recusal)).

---

[5] Similar to § 144, § 455(b)(1) requires recusal in cases of personal bias and prejudice.

Petitioner has proffered no evidence of a personal, close, or special relationship between the Court and the Stark County Sheriff's department, and there is none, that would cause the undersigned to be prejudiced toward petitioner in this case. When a judge's relationship with a party is merely that of a professional acquaintance, and "'not an intimate, personal relationship or a relationship in which [the judge] would be obligated [to a party],' recusal is not necessary." *Id*. (quoting *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), *as amended* (Aug. 11, 1993)).

Petitioner's speculation, conclusions, beliefs, and opinions in the affidavit concerning bias and prejudice are insufficient under § 144. A judge "'need not recuse himself based on the subjective view of a party no matter how strongly that view is held.'" *Brautigam*, 2013 WL 6387500, at *3 (internal quotation marks omitted) (quoting *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990) (further citation omitted)).

Petitioner further argues that the undersigned's alleged personal bias and prejudice against him in this case is demonstrated by the Court's adverse orders and rulings in Case Nos. 5:15-cv-992 and 5:16-cv-621. Personal bias, however, is prejudice "that emanates from a source other than the judge's participation in the proceedings or prior contact with related cases." *Id.* (citing *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (further citation omitted)). Disqualification under § 144 "cannot be premised on bias that stems from the 'judge's view of the law or the facts of the case itself [.]'" *Id*. (quoting *Fharmacy Records v. Nassar,* 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008) (further citation omitted)).

Upon examining petitioner's § 144 affidavit and accepting the factual allegations as true, the Court concludes that the affidavit is legally insufficient to show bias or prejudice on the part of the undersigned. Accordingly, petitioner's motion pursuant to § 144 is denied.

**2. 28 U.S.C. § 455**

Section 455(a) and (b)(1) provides:

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

****

Section 455(b)(1) requires the judicial officer to recuse if she has "personal bias or prejudice" concerning a party. The Court has already considered the issue of actual bias and prejudice in the context of § 144 and, as discussed above, determined that there is no basis for recusal because of actual bias or prejudice. Thus, petitioner's motion pursuant to § 455(b)(1) is denied.

With respect to § 455(a), the law "is straightforward and well-established in the Sixth Circuit. A district court is required to recuse himself only 'if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989) (additional internal quotation marks omitted) (quoting *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983) (further citation omitted)). "This standard is *objective* and is not based 'on the subjective view of a

party.'" *Id.* (emphasis in original) (quoting *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir. 1988)); s*ee United States v. Nelson,* 922 F.2d 311, 319 (6th Cir. 1990).

Petitioner's argument that a prior "professional relationship" between the undersigned and the Stark County Sheriff's department is a basis for reasonably questioning the Court's impartiality in this case fails under § 455(a) for the same reasons that the argument failed under the Court's § 144 analysis. *Fharmacy Records*, 572 F. Supp. 2d at 875 ("Under 28 U.S.C. §§ 144 and 455, a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.") (quoting *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). Based on the proffered facts, the prior relationship between the undersigned and the Stark County Sheriff's department was, at most, that of professional acquaintances. There is simply no objective basis upon which the Court's impartiality toward petitioner in this habeas action, where the Stark County Sheriff's department is not a party, could reasonably be questioned. *Wheeler,* 875 F.2d at 1251. Petitioner's subjective view is not controlling. *Id.*

With respect to petitioner's argument that the undersigned's alleged lack of impartiality against him is objectively evidenced by the Court's orders and rulings in Case Nos. 5:15-cv-992 and 5:16-cv-621, "disagreement with a judge's decision or ruling is not a basis for disqualification." *Fharmacy Records,* 572 F. Supp. 2d at 876; *see Liteky v. United States,* 510 U.S. 540, 555–56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ("the recusal statute was never intended to enable a discontented litigant to oust a judge because of adverse rulings made") (internal quotation and citation omitted); *Cheese v. United States,* 290 F. App'x 827, 830 (6th Cir. 2008); *Gordon v. United States*, No. 2:01-CV-1166, 2010 WL 518148, at *3 (S.D. Ohio Feb. 1, 2010) ("It is well-settled that adverse rulings during the course of proceedings are not by

themselves sufficient to establish bias or prejudice which will disqualify the presiding judge." (quoting *Carlton v. United States*, No. 05-50023, 2007 WL 2332496, at *1 (E.D. Mich. Aug. 15, 2007) (internal citations omitted)).

Petitioner's subjective belief that rulings of the undersigned in Case Nos. 5:15-cv-992 and 5:16-cv-621 are wrong is an objectively insufficient basis upon which the impartiality of the Court can be reasonably questioned under § 455(a). *Wheeler,* 875 F.2d at 1251. Petitioner can, and has, challenged the Court's rulings in Case Nos. 5:15-cv-992 and 5:16-cv-621 in the Sixth Circuit Court of Appeals. Petitioner's motion pursuant to § 455(a) is denied.

**C. Conclusion**

"Although a judge is obliged to disqualify himself where there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required." *Angelus,* 258 F. App'x at 842 (6th Cir. 2007) (internal citation omitted) (citing *Laird v. Tatum,* 409 U.S. 824, 837, 93 S. Ct. 7, 34 L. Ed. 2d 50 (1972) (separate memorandum of Rehnquist, J. (collecting cases))). For all of the foregoing reasons, the Court concludes that recusal from the instant action is not required in this case, and plaintiff's motion is denied. This case shall proceed with the assigned judicial officer.

**IT IS SO ORDERED**.


Dated: December 30, 2016

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**