UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON HOPSON, | ) | CASE NO. 5:16-CV-1867 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MICHELLE MILLER, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 21 ["R&R"]) of Magistrate Judge James R. Knepp, II, recommending that the Court deny petitioner Peyton Hopson's ("Hopson") writ of habeas corpus petition under 28 U.S.C. § 2254 (Doc No. 1 ["Pet."]) in its entirety. Hopson filed timely objections to the R&R. (Doc. No. 24 ["Obj."].) Respondent filed neither a response to Hopson's objections, nor her own objections. Also before the Court is Hopson's motion for leave to amend his habeas petition to include an additional claim for relief. (Doc. No. 26 ["Mot."].) For the reasons discussed herein, Hopson's motion for leave to amend is DENIED, his objections to the R&R are OVERRULED and the R&R is ACCEPTED.

**I.    BACKGROUND[1]**

On February 3, 2014, a Stark County grand jury indicted Hopson on two counts of felonious assault, with a repeat violent offender specification; one count rape, with repeat violent

---
[1] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background deemed pertinent to Hopson's objections to the R&R.

offender and sexually violent predator specifications; one count kidnapping, with repeat violent offender, sexually violent predator, and sexual motivation specifications; and one count of notice of change of address/registration of new address, all in violation of Ohio law. (Doc. 7-1, Ex. 1 at 97.[2]) On April 14, 2014, Hopson moved to sever the counts of the indictment and set them for separate trials. (Doc. 7-1, Ex. 2 at 102.) The trial court sustained the motion, ordered counts 1 and 5 be tried separately, and counts 2, 3, and 4 be tried together, but separately from counts 1 and 5. (Doc. 7-1, Ex. 3 at 104.)

Prior to a pretrial hearing held on May 19, 2014, Hopson advised the court of his desire to represent himself at trial. (*See* Doc. No. 20 ["May 19 Hr'g Tr."] at 517–18). At the May 19, 2014 pretrial hearing, the trial court explained that the failure to notify of change of address ("failure to notify") charge would be tried first, and Hopson indicated he wished to proceed pro se on that charge. *Id.* at 552–53. After a colloquy, the trial court found Hopson knowingly, intelligently, and voluntarily waived his right to counsel on the failure to notify charge. (*Id.* at 558–59; *see also* Doc. No. 7-1, Ex. 4, at 105 (signed waiver).) Several times during the May 19, 2014 pretrial hearing, the trial court indicated that it was *only* considering Hopson's request to represent himself on the failure to notify charge at that time. (May 19 Hr'g Tr. at 528–29, 559.)

At a hearing on May 22, 2014, Hopson's desire to represent himself on the other pending charges was discussed. (*See* Doc. 7-2 ["May 22 Hr'g Tr."] at 410.) The trial court ultimately appointed new counsel to represent Hopson on the other charges and Hopson did not object. (*Id.* at 420; *see also* Doc. 7-1, Ex. 5 at 106 (appointing new counsel).)

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

Following a State-requested continuance as to the failure to notify charge, the State elected to try the felonious assault charge first. *State v. Hopson*, No. 2014CA00163, 2015 WL 4270317, at *4 (July 13, 2015). On the morning of the trial for the felonious assault charge, Hopson represented to the trial court that he wished to proceed pro se on the felonious assault charge. (Doc. No. 20 ["Trial Tr."] at 574.) Finding that the request was untimely, and that Hopson failed to establish any other good cause, the trial court denied his request and Hopson proceeded to trial, with counsel, on the felonious assault charge. (*Id.* at 576–78.) The jury found Hopson guilty of the felonious assault charge. (Doc. No. 7-1, Ex. 7, at 109–10 (guilty verdict).) Following the jury's guilty verdict on the felonious assault charge, the state trial court determined Hopson qualified as a repeat violent offender pursuant to Ohio Rev. Code § 2929.01(CC), and sentenced Hopson to an aggregated prison term of fourteen years: eight for the felonious assault and six years for the repeat violent offender specification in accordance with Ohio Rev. Code § 2929.14(B)(2)(a).

For purposes of an appeal, the trial court appointed new counsel to Hopson. (Doc. No. 7-1, Ex. 11, at 121 (judgment entry).) Hopson, through counsel, filed a timely notice of appeal (Doc. No. 7-1, Ex. 12, at 122 (notice of appeal)), and in his brief raised two assignments of error: (1) the trial court erred in preventing Hopson from acting as his own counsel for the purposes of jury trial; and (2) Hopson's conviction for felonious assault was against the manifest weight and sufficiency of the evidence. (Doc. No. 7-1, Ex. 13, at 123–48 (brief of appellant).)

Hopson, acting pro se, filed a letter with the appellate court stating he intended to represent himself on appeal, and had terminated the services of his court-appointed appellate counsel. (Doc. No. 7-1, Ex. 14–15, at 149–57 (terminating counsel and notice of pro se status).) Hopson also filed a motion to void the appellate brief filed on his behalf by his appellate counsel. (Doc. No. 7-1, Ex. 16, at 158–63). The appellate court removed Hopson's appellate counsel and permitted Hopson to

3

proceed pro se. (Doc. No. 7-1, Ex. 17, at 164 (judgment entry).) The appellate court did not permit Hopson to amend the brief previously filed by his appellate counsel, but explained that he could file a pro se reply brief after the State's opposition brief was filed. *Id.* On July 13, 2015, the appellate court overruled Hopson's assignments of error and affirmed the judgment of the trial court. *Hopson*, 2015 WL 4270317, at 11.

On August 26, 2015, Hopson, acting pro se, timely appealed the appellate court's decision affirming his conviction. (Doc. No. 7-1, Ex. 27, at 282–83 (notice of appeal).) In Hopson's memorandum in support of jurisdiction, he asserted two propositions of law: (1) denial of self-representation, and (2) sufficiency of the evidence. (Doc. No. 7-1, Ex. 28, at 284–325.) On November 10, 2015, the Ohio Supreme Court declined to accept jurisdiction. (Doc. No. 7-1, Ex. 30, at 343.)

While his direct appeal was pending before the Ohio Supreme Court, Hopson filed a pro se application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). (Doc. No. 7-1, Ex. 31, at 344–52 (application for reopening).) In his application, Hopson alleged that his appellate counsel was ineffective for failing to raise two assignments of error on direct appeal: (1) judicial bias, and (2) ineffective assistance of trial counsel: conflict of interest. (*Id.*) On December 2, 2015 (after the Ohio Supreme Court had declined jurisdiction of his direct appeal), the appellate court denied Hopson's application for reopening. (Doc. No. 7-1, Ex. 32, at 353–60 (judgment entry).)

Hopson timely appealed this denial to the Ohio Supreme Court. (Doc. No. 7-1, Ex. 33, at 361–62 (notice of appeal).) In his memorandum in support of jurisdiction, Hopson asserted two propositions of law: (1) judicial bias, and (2) ineffective assistance of trial counsel: conflict of interest. (Doc. No. 7-1, Ex. 34, at 363–78.) The Ohio Supreme Court declined to accept jurisdiction. (Doc. No. 7-1, Ex. 36, at 390.)

On July 25, 2016, Hopson filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. In his petition, Hopson raised four grounds for relief: (1) judicial bias, (2) denial of right to self-representation, (3) ineffective assistance of trial counsel: conflict of interest, and (4) sufficiency of the evidence. The action was referred to Magistrate Judge James R. Knepp, II to prepare an R&R as to Hopson's petition. On December 28, 2017, the magistrate judge issued his R&R recommending that this Court deny Hopson's petition in its entirety. (Doc. No. 21.) The magistrate judge found Hopson's claims of judicial bias and ineffective assistance of trial counsel: conflict of interest were procedurally defaulted, and further found Hopson's claims of denied right to self-representation and sufficiency of the evidence were meritless. Hopson filed timely objections to each of the magistrate judge's findings. (Doc. No. 24.)

Hopson did not appeal the repeat violent offender specification in any of these original appeals, or in his original habeas corpus petition.

Instead, on June 22, 2018, Hopson filed a pro se motion for resentencing with the state trial court. Hopson contended that his six-year sentence for the repeat violent offender specification should be void because the trial court erred in making independent judicial findings of the seriousness of the crime and because Hopson was "innocent" of being a repeat violent offender under former Ohio Rev. Code. 2929.01(DD)(1) and (2)(a)(i), which was in effect at the time of Hopson's predicate offenses. (Mot. at 1008.) The trial court denied Hopson's motion for resentencing.

Hopson appealed the state trial court's decision, and on November 5, 2018, the state appellate court overruled Hopson's assignments of error and affirmed the judgment of the state trial court. The state appellate court held that Hopson's appeal was procedurally defaulted because he did not raise the issue on appeal. *State v. Hopson*, No. 2018CA00109, 2018 WL 5920451, at

*1–2 (Ohio Ct. App. Nov. 5, 2018). The state appellate court also stated that even if Hopson's innocence claim wasn't defaulted, it lacked any merit because the trial court applied the correct law. (*Id.* at *2.) Hopson then appealed the state appellate court's decision to the Ohio Supreme Court, but the Ohio Supreme Court declined to exercise jurisdiction.

Hopson now seeks leave to amend his almost three-year-old habeas corpus petition to include a fifth ground for relief: actual innocence. (Mot. at 1011.) Hopson contends that he is "innocent" of being a repeat violent offender under Ohio law because the trial court applied the wrong statutory law. (*Id.* at 1011–13.)

## II. MOTION FOR LEAVE TO AMEND

On April 15, 2019, Hopson filed a motion for leave to amend his habeas corpus petition pursuant to Fed. R. Civ. P. 15(a). A habeas corpus petition may be amended as provided in the Federal Rules of Civil Procedure. 28 U.S.C. § 2242. As such, leave to amend a habeas petition is guided by Rule 15, which encourages leave to be freely given when justice so requires. However, a district court need not authorize an amendment where the amendment has no chance of success on the merits. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

Here, the amendment Hopson seeks is completely futile and has no chance of success on the merits. Hopson seeks to amend his petition to include an argument that he is "innocent," i.e. not a repeat violent offender, because the state trial court applied the wrong law in determining whether he was a repeat violent offender. (Mot. at 1011–12.)

In 2014, after the jury found Hopson guilty of the felonious assault charge, the trial court applied Ohio Rev. Code. § 2929.01(CC) in determining that Hopson qualified as a repeat violent offender because he had previously been convicted of or pleaded guilty to kidnapping and/or

6

attempted rape, on or about February 20, 1991. *Hopson*, 2018 WL 5920451, at *2. Section 2929.01 (CC) provides that "repeat violent offender" means

> [A] person about whom both of the following apply:
>
> (1) The person is being sentenced for committing or for complicity in committing any of the following:
>
>> (a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;
>>
>> (b) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (CC)(1)(a) of this section.
>
> (2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

Hopson contends that the 2014 version of § 2929.01 (CC) was the incorrect law to apply in determining whether he is a repeat violent offender because the 2014 version of § 2929.01(CC) was not in effect at the time of his predicate convictions in 1991. (Mot. at 1011–12.) When Hopson was convicted of his predicate offenses, the former Ohio Rev. Code. § 2929.01(DD) governed the definition of a repeat violent offender for purposes of the specification. (Mot. at 1012.) Hopson contends that under the former § 2929.01(DD), he would not fall into the repeat violent offender specification. And because the former § 2929.01(DD) governed when he committed the predicate offenses, the state trial court should have used the former law to determine whether his predicate offenses qualified him for the repeat violent offender specification.

Hopson's argument is completely contrary to law. Hopson cites to *State v. Hunter*, 915 N.E.2d 292 (Ohio 2009), for the proposition that the state trial court should have applied the former § 2929.01(DD) because that is the provision the state trial court applied in *Hunter*. However, the state trial court in *Hunter* imposed the repeat violent offender specification in 2006, when §

2929.01(DD) still governed. However, after 2006, the Ohio state legislature substantially amended the repeat violent offender definition, providing the present-day § 2929.01(CC). *See Hunter*, 915 N.E.2d at 294 n.1.

A since-amended law from 1991 does not govern the sentencing of Hopson in 2014. Instead, present-day § 2929.01(CC) applied at the time of Hopson's sentencings to determine whether he qualified as a repeat violent offender, even though his predicate offenses occurred in 1991. *State v. Lodwick*, 118 N.E.3d 948, 960–61 (Ohio Ct. App. 2018). The state trial court applied the correct statutory provision in applying the repeat violent offender specification to Hopson. Hopson's contention that he is "innocent" of being a repeat violent offender is completely without merit and his proposed amendment is futile.

Therefore, Hopson's motion for leave to amend his habeas corpus petition is DENIED.

## III. OBJECTIONS TO THE REPORT AND RECOMMENDATION

Hopson objects to the magistrate judge's R&R, recommending that the Court deny Hopson's writ of habeas corpus petition in its entirety.

### A. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the

district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A general objection—"[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"— is not considered a proper objection for the district court's de novo review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). A general objection to an R&R has the same effect as a failure to object: a general objection waives de novo review by the district court and appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747–48.

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L.

9

Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

## B. DISCUSSION

Hopson filed objections to the R&R as it pertains to all four issues raised in his writ of habeas corpus petition. However, Hopson fails to raise *proper* objections to any of the magistrate judge's findings. Hopson uses his objections merely to suggest that the magistrate judge did not understand the arguments in his petition and that the factual record recited in the R&R—as provided by state court records—is incomplete.

The fact that Hopson disagrees with how the magistrate judge interpreted his arguments, is not, by itself, a proper objection. Hopson does not argue that the magistrate judge misapplied any law. Instead, Hopson simply disagrees with how the magistrate judge applied the facts to the law, all while repeating the same arguments from his petition.

Further, while claiming the factual record is incomplete, Hopson does not present any new facts in his objections different from the facts alleged in his petition. The fact that the magistrate judge, and the state appellate court, did not explicitly include every transcript exchange in the respective opinions does not mean the entire record was not considered. Absent any new facts or pointing to any salient facts that were not considered, Hopson's contention is not a proper objection.

Hopson's objections fail because they are improper general objections that merely disagree with the magistrate judge's conclusions by restating the same facts and argument from his petition. For these reasons alone, the objections are properly overruled. But even if the Court were required to undertake an independent review, the Court finds that the R&R contains no error of law or fact.

### 1. Denial of Self-Representation

Hopson objects to the magistrate judge's finding that his claim for relief based on the denial of self-representation is meritless. Although the Supreme Court has recognized a constitutional right "to proceed without counsel when [a defendant] voluntarily and intelligently elects to do so[,]"*Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), "the right to self-representation is not absolute." *Martinez v. Ct. of Appeal of Cal.*, 528 U.S. 152, 161, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000) (citing *Faretta*, 422 U.S. at 835). A defendant may forfeit his right to self-representation if he does not assert it "in a timely manner." *Martinez*, 528 U.S. at 162; *Hill v. Curtin*, 792 F.3d 670, 677–79 (6th Cir. 2015) (upholding a state court's decision denying a self-representation request made on first day of trial as untimely, even without a *Faretta* inquiry).

In his objection, Hopson argues that the factual record contained in the R&R, copied from the state appellate court record, is incomplete as it pertains to the events surrounding his denied right to self-representation. (Obj. at 937–48.) Hopson then lists a series of transcript sections from hearings in his state court proceedings. Hopson claims these transcript portions present "clear and convincing evidence" that the state trial court understood as early as May 19, 2014, that Hopson wished to proceed pro se on *all* counts of his indictment, and that the trial court unreasonably chose to deny Hopson his right to self-representation. (*See id.* at 938–39, 942, 944–45, 947.)

However, while mentioning many transcript portions where the trial court advised Hopson it might be unwise to forgo appointed counsel, Hopson omits a very pertinent transcript portion from the May 22, 2014 hearing: when Hopson reconsidered his decision to proceed pro se on *all* counts *other than* the failure to notify charge. (*See* May 22 Hr'g at 412–14.) While discussing Hopson's decision to proceed pro se, the record reflects:

> [Court]: And I've also given some more consideration to what has kind of led us here and you representing yourself pro se. I've got to tell you, Mr. Hopson, I respect

the choice that you made, as unwise as I think it is, and we dealt solely with the notice of the change of address charge. And never—we didn't—I told you I wasn't going to address the rape or the felonious assault because we just had the one issue before us. But in giving that more consideration, I'm telling you that whether or not I let you proceed pro se on that is a really tough call to make just because of the possibility of sentence that you could be facing, [twenty] years to life in prison, and given the severity of that penalty I have severe reservations about letting you proceed pro se on those issues. And I understand that the reason that has led you to request the ability to represent yourself is because you don't, for lack of better word, trust [appointed counsel] anymore; is that correct?

[Hopson]: For lack of a better word, yes.

[Court]: Okay. If you were given substitute counsel, would you be willing to talk with them about whether or not you actually wanted to proceed pro se?

[Hopson]: Urn, at, at this time, Your Honor, um, I, I, I would, I would much rather proceed pro se with the failure to register case and charge as scheduled for the 27th.

. . .

[Hopson]: **I would like to ask the Court that, um, maybe, um—that maybe I could be granted the, the, you know, the, the, the option of later on having Attorney Graham to represent me with the other two cases?**

[Court]: **Well, at this time I'm appointing [Attorney Graham] to represent you for the other two cases. We haven't talked about whether or not you are going to proceed pro se with respect to those two cases, so I am . . . appointing him to represent you in those two cases.**

[Hopson]: Thank you, Your Honor.

. . .

[Court]: I am appointing Mr. Graham to represent you, Mr. Hopson, on the charges of—all the remaining charges except for the notice of failure to register.

. . .

[Court]: Anything else you need, Mr. Hopson?

[Hopson]**: I guess that if there's anything else that I would need I would address that to Mr. Graham?**

[Court]: Correct.

[Hopson]: Thank you.

(May 22 Hr'g at 409–10, 412–14, 420, 426 (emphasis added).)

After this exchange, there is no indication anywhere in the record, or in Hopson's petition or objections, that Hopson expressed a desire to proceed pro se on the felonious assault charge to anyone, until the morning of trial. Two months after the May 22, 2014 hearing, as trial commenced, Hopson told the trial court that he wished to proceed pro se on the felonious assault count. The trial court denied Hopson's self-representation request, finding it untimely and otherwise lacking good cause. (Trial Tr. at 576–78.)

Hopson contends that his request was not untimely because the trial court should have known he wanted to proceed pro se on the felonious assault charge. Hopson points to the May 19, 2014 pretrial hearing (when he first requested to proceed pro se) and portions of the May 22, 2014 hearing to support his contention that the trial court should have known he wanted to proceed pro se. As the record reflects, however, after the trial court unequivocally appointed counsel on the felonious assault charge at the May 22, 2014 hearing, Hopson did not object to the appointment of counsel, and Hopson indicated if "there's anything else that [he] would need [he] would address that to [his court-appointed counsel]." (May 22 Hr'g at 426.) After this exchange, there was no reason for the trial court to believe Hopson was not coordinating with his appointed counsel. In fact, the record reflects that Hopson sent a letter to the trial court on July 16, 2014, requesting a pretrial conference with "my [Hopson's] defense counsel, the prosecution and myself . . . ." (Doc. No. 7-1, Ex. 32, at 360 (judgment entry denying Hopson's application for reopening).) There was no reason after the May 22, 2014 hearing—and appointment of counsel—for the state trial court to believe Hopson wanted to proceed pro se on his felonious assault charge, until Hopson indicated as such on the morning of trial.

13

For these reasons, this Court agrees with the state trial court, the state appellate court, and the magistrate judge: Hopson's day-of-trial request was untimely, the trial court was not required to undertake a *Faretta* inquiry, and Hopson's claim of denial of self-representation is without merit.

### 2. Sufficiency of the Evidence

Hopson also objects to the magistrate judge's finding that Hopson's guilty verdict was supported by sufficient evidence. (Obj. at 948–51.) Evidence is sufficient to sustain a guilty verdict if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quotation marks omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (quotation marks omitted) (quoting *Jackson*, 443 U.S. at 319). Consistent with the deference given to the trier of fact's resolution of conflicts in evidence, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).

Hopson's objection entirely mirrors the argument in his petition: the jury's guilty verdict was against the manifest of the evidence because the government did not present DNA or

fingerprint evidence from the lamp purportedly used to strike the victim in the felonious assault case. (Pet. at 19; Obj. at 951.) Hopson concedes that the State presented the victim's testimony at trial—that Hopson struck her with the lamp—but Hopson argues that the victim's testimony is "a mere modicum of evidence," and not enough to sustain the jury's guilty verdict. (Obj. at 949.)

Without unnecessarily repeating the entirety of the thorough analysis in the R&R (R&R at 926–32), this Court agrees with the magistrate judge's determination that the jury's guilty verdict is supported by sufficient evidence in the form of testimony from both the victim and the detective who responded to the victim's emergency call for help.

### 3. Judicial Bias and Ineffective Assistance of Counsel

Hopson objects to the magistrate judge's findings that his claims of judicial bias and ineffective assistance of counsel are procedurally defaulted and that Hopson has failed to overcome that procedural default. (Obj. at 952–53.)

To overcome procedural default a petitioner must establish: (1) "cause for the default," and (2) "actual prejudice from it." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). "To show cause for the default, a petitioner must show more than mere error, he must establish a substantial reason to excuse the default." *Id.* Cause "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis omitted). A petitioner's Appellate Rule 26(B) application for reopening based on ineffective assistance of counsel can constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). If appellate counsel is deemed ineffective under the *Strickland*

standard,[3] then the claims procedurally defaulted by the counsel's ineffectiveness will be excused. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland*, there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default." (citation omitted)).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) (citing *Strickland*, 466 U.S. at 687). The failure to raise an issue on appeal constitutes ineffective assistance of counsel only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 710–11 (6th Cir. 2004). In other words, the failure to raise an underlying claim in an appeal which would have been unsuccessful is not ineffective assistance of appellate counsel. *Meek v. Bergh*, 526 F. App'x 530, 534 (6th Cir. 2013).

Hopson contends that "[t]he [m]agistrate [judge] misconstrues the premises upon which [Hopson] contends that his [procedural default] should be excused." (Obj. at 953.) Hopson's "premise" is that he should be excused for not raising the judicial bias and ineffective assistance of counsel claims on direct state appeal because his appellate counsel did not raise them in the appellate brief, Hopson elected to proceed pro se after that appellate brief was filed, but the appellate court would not permit Hopson to resubmit the appellate brief, thus preventing him from

---

[3] Counsel is deemed ineffective under the *Strickland* standard if (1) the counsel's performance was deficient by falling below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

raising these grounds on direct appeal after his appellate counsel did not raise the claims. (*Id.* at 953.)

> Contrary to Hopson's contention, the magistrate judge did consider this very issue.
>
> Because [Hopson] did in fact present claims of ineffective assistance of appellate counsel to the Ohio courts [in Hopson's Rule 26(B) application for reopening], this Court will consider whether [Hopson's] claim of ineffective assistance of appellate counsel is meritorious and therefore establishes cause to excuse the default of his first and third claims.

(R&R at 909–10 (citation omitted).)

To prevail on his ineffective assistance of appellate counsel claim, Hopson must show that his judicial bias and ineffective assistance of trial counsel: conflict of interest claims have merit. In this, Hopson fails.

For starters, there is nothing in the record to suggest judicial bias on the part of the state trial judge.

> Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts."

*State v. Dean*, 937 N.E.2d 97, 105 (Ohio 2010) (quoting *State ex rel. Pratt Weygandt*, 132 N.E.2d 191, 195 (Ohio 1956)). "[D]issatisfaction or disagreement with a judge's ruling of law are legal issues subject to appeal. A judge's opinion of law . . . are not by themselves evidence of bias or prejudice . . . ." *In re Disqualification of Corts*, 546 N.E.2d 928, 928 (Ohio 1988).

Hopson's "evidence" of judicial bias is that (1) the trial judge found Hopson did not provide good cause for excusing Hopson's first-appointed trial counsel at the May 19, 2014 pretrial hearing (Pet. at 6); (2) the trial judge found Hopson's self-representation request on the morning of trial

for the felonious assault charge to be untimely, without holding a *Faretta* inquiry (Pet. at 7–8); and (3) the trial judge did not find Hopson's trial counsel had a conflict of interest (Pet. at 9–10).

As an initial matter, this Court notes that the trial court did replace Hopson's first-appointed trial counsel at the subsequent May 22, 2014 hearing. (May 22 Hr'g at 409–10, 412–14, 420.) Also, a trial judge is not required to hold a *Faretta* inquiry when denying a self-representation request as untimely. *See Hill*, 792 F.3d at 677–79. Finally, the "conflict of interest" Hopson refers to was explained to the trial judge at sentencing as, "I [Hopson] was approached by Attorney Wayne Graham and told that you, Your Honor, had taken it upon yourself to contact Attorney Wayne Graham and request of him to represent me as a favor to you." (Doc. No. 20 ["Sentencing Tr."] at 789–80.) Hopson does not provide any other information to that trial judge concerning any conflict of interest that would render the trial counsel's representation of Hopson as ineffective. Hopson contends in his objection that the purpose of the trial judge's appointment of counsel for the felonious assault charge was to "thwart" Hopson's self-representation. (Obj. at 954.) As previously discussed, however, Hopson did not timely request to proceed pro se after the trial judge appointed counsel, an appointment to which Hopson did not object. Regardless, the trial judge's rulings on legal issues are not grounds for a finding of judicial bias, just because Hopson disagrees with the trial judge's rulings. *In re Disqualification of Corts*, 545 N.E.2d at 928.

As such, Hopson has failed to present any evidence, in his petition or in his objection, suggesting that the trial judge exhibited any judicial bias. Likewise, Hopson has failed to present any evidence in the record, in his petition, or in his objection, that suggests his appointed trial counsel had any conflict of interest in the case that rendered Hopson's trial counsel ineffective.

Because Hopson has failed to show that his underlying claims of judicial bias and ineffective assistance of trial counsel: conflict of interest have merit, appellate counsel was not

ineffective for failing to raise these claims on Hopson's direct appeal. *Bergh*, 526 F. App'x at 534. And because Hopson's appellate counsel was not ineffective, his Appellate Rule 26(B) application is meritless and does not excuse his procedural default on the judicial bias and ineffective assistance of trial counsel: conflict of interest claims. Thus, Hopson's claims of judicial bias and ineffective assistance of counsel: conflict of interests are procedurally defaulted and not grounds for relief.

## IV. CONCLUSION

For the reasons set forth herein, Hopson's motion for leave to amend his petition is DENIED, Hopson's objections to the R&R are OVERRULED and the R&R is ACCEPTED. The petition for writ of habeas corpus is DENIED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 8, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**