No. 19-3709

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 27, 2019
DEBORAH S. HUNT, Clerk

PEYTON JOHN WESLEY HOPSON,  )
      )
    Petitioner-Appellant,  )
      )
v.  )    O R D E R
      )
DAVID W. GRAY, Warden,  )
      )
    Respondent-Appellee.  )

Peyton John Wesley Hopson, a pro se Ohio prisoner, appeals a district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He has applied for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b).

Responding to a 911 call at a residence, Officer Jessie Gambs found Hopson's girlfriend, Shawn Jalloh, with a bleeding head wound, swelling on the left side of her face, and a bite mark on her right hand. *State v. Hopson*, No. 2014CA00163, 2015 WL 4270317, at *5–6 (Ohio Ct. App. July 13, 2015), *perm. app. denied*, 36 N.E.3d 189 (Ohio 2015) (table). Jalloh hesitantly told Officer Gambs that Hopson had assaulted her and indicated that he was in the bedroom. *Id.* at *5. She further explained that they had started arguing when she asked Hopson's brother, Parnell Stokes, to leave the residence. *Id.* at *6. At trial, Jalloh testified that Hopson had hit her face, ears, and arms, and had struck her head with a lamp. *Id.*

After Hopson was charged with various crimes, the trial court severed certain counts into separate trials. At the conclusion of the second trial, a jury convicted Hopson of felonious assault with a repeat-violent-offender specification. *See* Ohio Rev. Code § 2903.11. He was sentenced to an aggregate term of fourteen years in prison. The Ohio Court of Appeals affirmed his conviction on direct appeal, *Hopson*, 2015 WL 4270317, at *11, and the Ohio Supreme Court denied leave to appeal.

While his motion for leave to appeal was pending before the Ohio Supreme Court, Hopson filed a motion to reopen his appeal in the lower court and asserted that appellate counsel rendered ineffective assistance by failing to raise claims of judicial bias and ineffective assistance of trial counsel due to a conflict of interest. *See* Ohio R. App. P. 26(B). The Ohio Court of Appeals denied the motion to reopen, and the Ohio Supreme Court denied leave to appeal.

Hopson's § 2254 petition, placed in the prison mailing system on July 11, 2016, contained the following claims: (1) the trial judge exhibited bias; (2) the trial court denied Hopson the right to represent himself at trial; (3) trial counsel acted under a conflict of interest; and (4) the felonious-assault conviction was not supported by sufficient evidence. The State filed an answer, arguing that Claims 1 and 3 were procedurally defaulted and that the others lacked merit. Hopson filed a reply.

A magistrate judge recommended denying the petition for the reasons suggested by the State. The claims regarding judicial bias and counsel's conflict of interest were procedurally defaulted due to Hopson's failure to raise them on direct appeal. The magistrate judge reasoned that ineffective assistance of appellate counsel did not constitute cause to excuse the default because the underlying claims lacked merit. The claim asserting the denial of the right of self-representation lacked merit because Hopson's request to proceed pro se was untimely. And the insufficiency-of-the-evidence claim failed because the felonious-assault conviction was supported by the testimony of Jalloh and Gambs. Hopson filed objections.

The district court overruled Hopson's objections as too general, but alternatively concluded that the magistrate judge's report contained no error of law or fact and further noted that the procedurally defaulted claims lacked merit. The court denied the § 2254 petition and declined to issue a COA.

In his COA application, Hopson reasserts his claims.

An individual seeking a COA is required to make a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the § 2254

context, a district court cannot grant relief from a merits adjudication of a constitutional claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2).

Hopson's first and third claims, as reasserted in his COA application, are premised upon an alleged conversation between Hopson and trial counsel in which counsel indicated that the judge had asked him to represent Hopson as a favor. Hopson interprets the conversation as evidence of a conspiracy to thwart his right to self-representation, judicial bias, and a conflict of interest on the part of trial counsel. He does not contest the district court's holding that the claims of bias and conflict of interest were procedurally defaulted, but he does contend that the district court misconstrued his allegation of cause. He argues that his default should be excused because the Ohio Court of Appeals improperly prevented him from exhausting his claims by refusing to let him raise new issues in a pro se brief on direct appeal after counsel had filed a brief.

The claims of judicial bias and conflict of interest do not deserve consideration to proceed further. Where a claim is procedurally defaulted, a petitioner must show cause and prejudice to excuse the default or present evidence of his actual innocence to establish a miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Review of the record indicates that Hopson did raise his allegation of cause in his reply and again in his objections. However, he has not made a substantial showing of cause because there is no constitutional right of self-representation on direct appeal, and he has not shown that the court's refusal of a pro se brief with new claims was contrary to any right under state law. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 163 (2000). Moreover, Hopson does not argue actual innocence based on new evidence.

In his second claim, Hopson argues that the trial court deprived him of the right to represent himself at trial.

This claim does not deserve further consideration. While Hopson was asserting his right to represent himself at the first trial, he asked whether he "could be granted . . . the option of later on having Attorney Graham to represent me with the other two cases?" The trial court immediately appointed counsel. Hopson did not object or indicate any desire to proceed pro se at the second trial until it began two months later. The court denied the request as untimely. Jurists of reason

would agree with the district court that this denial did not violate Hopson's right of self-representation. *See Hill v. Curtin*, 792 F.3d 670, 678–79 (6th Cir. 2015) (en banc). "A trial judge may fairly infer on the day of trial . . . that a defendant's last-minute decision to represent himself would cause delay." *Id.* at 681.

In his fourth claim, Hopson argues that his conviction for felonious assault was not supported by sufficient evidence because the State did not produce any fingerprints, DNA, or other evidence to refute his argument that he had not touched the lamp. Furthermore, Stokes testified at trial that Hopson had not struck Jalloh.

The sufficiency-of-the-evidence claim does not deserve consideration to proceed further. "[V]iewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Testimony by Jalloh and Officer Gambs provided sufficient evidence that Hopson knowingly caused serious physical harm to Jalloh. *See* Ohio Rev. Code § 2903.11(A)(1). It was "within the jury's province" to credit Jalloh's and Gambs' testimony over Stokes', and "physical evidence is not required to sustain a conviction." *United States v. Davis*, 306 F.3d 398, 409 (6th Cir. 2002). Jurists of reason would therefore agree that sufficient evidence existed for a rational jury to convict Hopson.

Accordingly, the court **DENIES** Hopson's COA application.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk